IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENDRA RUBY on behalf of MKR** | : | Case No. 2:13-CV-01254 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Abel |
| Carolyn W. Colvin, | | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| **Defendant.** | : | |

## **OPINION & ORDER**

This matter is before the Court on Plaintiff's Objection (Doc. 19) to the Magistrate Judge's November 6, 2014 **Report and Recommendation** (Doc. 18), recommending that the Court overrule Plaintiff's Statement of Errors (Doc. 11) and enter judgment in favor of the Commissioner of Social Security ("Commissioner" or "Defendant"). Upon independent review by the Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED** and the Court adopts the Magistrate Judge's **Report and Recommendation**.

### I.     BACKGROUND

Plaintiff filed for disability insurance benefits on October 12, 2010, alleging disability beginning January 1, 2006 due to chronic asthma. (Doc. 18 at 2). Her applications were denied initially and upon reconsideration, and after hearings on December 20, 2011, February 21, 2011, and August 2, 2012, the Administrative Law Judge ("ALJ") issued a decision concluding that

1

Plaintiff was not disabled within the meaning of the Social Security Act.[1]  (*Id.*).  The Appeals Council denied Plaintiff's request for review on November 14, 2013, and adopted the ALJ's decision as the final decision of the Commissioner of Social Security.  (*Id.*).

M.K.R. was born on October 13, 2005 and she attended a Head Start program for preschool.  (*Id.*).  At the time of the last hearing on August 2, 2012, she had completed kindergarten.  (*Id.*).  Plaintiff now claims M.K.R. is disabled due to attention deficit/hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), asthma, sleep apnea, and obesity.  (*Id.* at 1).

Plaintiff's mother testified that M.K.R.'s asthma presented difficulty for M.K.R. to play with her friends, run, and perform other activities.  (Doc. 10-2 at 79).  M.K.R. easily became short of breath when it was hot.  (*Id.*).  M.K.R. had to use a rescue inhaler once or twice a week for her asthma attacks.  (*Id.* at 80).  Further, when M.K.R. was ill, she was prescribed breathing treatments.  (*Id.*).

## II.  PROCEDURAL POSTURE

Plaintiff filed her Statement of Specific Errors (Doc. 11) on April 1, 2014.  Defendant provided a Memorandum in Opposition (Doc. 16) on July 7, 2014, to which Plaintiff filed a Reply (Doc. 17) on July 13, 2014.  The Magistrate Judge issued a Report and Recommendation (Doc. 18) on November 6, 2014, and Plaintiff filed her Objections to the Magistrate Judge's Report and Recommendation (Doc. 19) on November 20, 2014.  Defendant filed a Response to Plaintiff's Objections (Doc. 20) on December 30, 2014.  The Magistrate Judge's Report and Recommendation is now ripe for review.

---

[1] 42 U.S.C. § 301 *et seq.  See also* 20 C.F.R. 416.924(a) (The Social Security Administration will consider relevant information from medical sources, test scores, information from other people, including parents and caregivers, functioning capacity, adaptation to new environments, etc. to determine whether a child has a disability.).

### III.     STANDARD OF REVIEW

In reviewing the ALJ's decision,[2] the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). This Court, upon objection, is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). A de novo review requires the Court to re-examine all the relevant evidence previously reviewed by the Magistrate Judge and to determine whether the findings of the [ALJ] are in fact supported by "substantial evidence." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983); *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653, 654 (6th Cir. 1982).

This Court's review "is limited to determining whether the [ALJ's] decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.* Perales, 402 U.S. 389, 401 (1971); *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). In determining whether the ALJ's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Ellis*, 739 F.2d at 248; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365 (6th Cir.1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The findings of the ALJ are not subject to reversal merely because there exists in the record

---

[2] When the initial decision of the Commissioner of Social Security is appealed, the Administrative Law Judge will make a decision. If, on another level of appeal, the Appeals Council makes a decision, that decision becomes the final decision of the Commissioner. If the Appeals Council denies a request for appeal, the Administrative Law Judge's decision becomes the final decision of the Commissioner. Upon review at the Federal level, the court must review the Appeals Council or ALJ decision as if it were the decision of the Commissioner.

substantial evidence to support a different conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762 (6th Cir. 2001). If the ALJ's decision is supported by substantial evidence, it must be affirmed, even if the Court would have arrived at a different conclusion. *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

## IV.  ANALYSIS

Plaintiff objects to the ALJ's decision on four grounds, and preserved each of those grounds in her objection to the Magistrate's Report and Recommendation. (Doc. 11; Doc. 19 at 2). Each objection is addressed in turn below.[3]

### A. ALJ's Evaluation of and Weight Given to Treating Source Medical Opinion

Plaintiff first asserts that the ALJ failed to evaluate properly Dr. Merzweiler's treating source medical opinion. (Doc. 11 at 9). She claims that the ALJ failed to provide "any evaluation at all using the factors in 20 C.F.R. § 404.1527." (*Id.*). The ALJ properly considered and discussed the treating physician's medical opinion.

When deciding if an individual is disabled under the Social Security Act, the Commissioner makes the ultimate determination. *Houston,* 736 F.2d at 367. In making this determination, the Commissioner may consider medical opinions presented by the applicant's treating or examining physicians, as well as the opinions of state-sanctioned physicians and medical experts. 20 CFR § 404.1527 (1981); SSR 96-2P, 1996 WL 374188 (July 2, 1996). Traditionally, a treating physician's medical opinion is given more weight than a government-employed physician because a treating physician generally has a better knowledge of the patient's history and impairments. *See* 20 C.F.R. § 404.1527(d)(1)-(2); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 854-55 (6th Cir. 1986); *Blakely v. Comm'r of Soc. Sec.,*

---

[3] Plaintiff's two objections ("The ALJ Failed to Rule on Counsel's Multiple Requests for a Medical Expert" and "The ALJ Failed to Properly Evaluate the Childhood Disability Listings") are addressed together in Section C.

4

581 F.3d 399, 408 (6th Cir. 2009). A treating physician is "[a patient's] own physician, psychologist, or other acceptable medical source who provides [the patient], or has provided [the patient], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the patient]." 20 C.F.R. § 404.1502. The Commissioner is not bound by the treating physician's opinion, however, if it is a mere conclusory statement or if it is not based on sufficient medical data. *See, e.g.*, 20 C.F.R. § 404.1529; *Duncan,* 801 F.2d at 854-55; *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984).

When weighing medical opinion evidence, the ALJ may discount the treating doctor's opinion. In doing so, however, the ALJ must provide "good reasons" that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." 20 C.F.R. § 404.1527(d)(2). *See also Rogers*, 486 F.3d at 242-43; *Blakley*, 581 F.3d at 408; *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). The ALJ can achieve this by providing a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). Certain factors come into play in making this analysis: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. 20 C.F.R. § 404.1527(c)(1); *Wilson,* 378 F.3d at 544. The "good reasons" requirement allows applicants to understand the outcome of their claim and also provides a basis for "meaningful appellate review." *Wilson,* 378 F.3d at 544. Failure to follow this process amounts to an absence of substantial evidence and requires reversal or remand to follow the appropriate steps. *Id.*

5

The ALJ need not address every piece of evidence or explicitly walk through the six factors set out in 20 C.F.R. § 404.1527(c)(1). *Prince v. Astrue,* No. 2:10-cv-00008, 2011 WL 1124989, at *8-9 (S.D. Ohio Jan. 11, 2011) *report and recommendation adopted*, No. 2:10-CV-00008, 2011 WL 1124986 (S.D. Ohio Mar. 25, 2011) (citing *Tilley v. Comm'r of Soc. Sec.,* 394 F. App'x 216, 222 (6th Cir. 2010)).  Adequate explanations exist where the ALJ indicates the weight given, gives a clear explanation as to why that weight is given, and explains why he adopts the other medical opinions of record. *See, e.g.*, *Prince,* 2011 WL 1124989, at *6-9; *Duncan*, 801 F.2d at 854-55.  Where an ALJ simply discounts a treating physician's opinion for lack of objectivity and adopts government medical opinions based on objectivity, however, this type of bare assertion does not constitute "good reason." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).  Similarly, a "summary rejection" is insufficient. *Blakley,* 581 F.3d at 408.

In the present case, Dr. Merzweiler treated M.K.R. since birth. (Doc. 18 at 8). In March 2012, Dr. Merzweiler considered M.K.R. to be in the "marked" category to qualify her for a disability. (Doc. 10-2 at 25). In the ALJ's opinion, he indicated that Dr. Merzweiler's opinion was given "little weight" because of the doctor's self-admitted shortcomings in diagnosing behavior issues and because progress notes indicated that M.K.R. had made "significant improvement" with her behavioral issues. (*Id.* at 26). Moreover, the ALJ emphasized conflicting medical evidence throughout his entire opinion, including the state agency psychologist's findings, the improved condition of the child, and the lack of need for an IEP. (*Id.* at 23, 25-26). He indicated that M.K.R.'s asthma and sleep apnea had improved with treatment and medication, and her ADHD and ODD notes indicate that she was "stable" and "improved" with medications. (*Id.* at 26). The ALJ further explained that the state agency physicians' opinions were considered and found to be consistent with objective medical evidence

6

of record. (*Id.* at 26-27). These statements are more than bare assertions or summary rejections. The ALJ properly considered Dr. Merzweiler's opinion and rejected it because she was not a specialist in the field and because her findings conflicted with the other significant evidence in the record. The ALJ indicated why he adopted the state agency medical opinions, and thus has set out "good reasons" and sufficient evidence under 20 C.F.R. § 404.1527.

### B. ALJ's reliance on outdated state agency reviewing physicians

Plaintiff claims that the ALJ erred by relying on the outdated opinions of the state agency's non-reviewing physicians to make his decision. (Doc. 11 at 10-11). According to Plaintiff, several pieces of evidence were submitted after these opinions were formed, and the ALJ abused his discretion by relying on physician opinions that had not considered this additional evidence. (*Id.*). Plaintiff's claim is without merit.

Agency regulations state that though ALJs "are not bound by any findings made by State agency medical or psychological consultants . . . [they] must consider findings and other opinions of State agency medical and psychological consultants . . . except for the ultimate determination about whether [a person is] disabled." 20 C.F.R § 404.1527 (e)(2)(i). Moreover, so long as an ALJ considers additional evidence occurring after a state agency physician's opinion, he has not abused his discretion. *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (2009); *Ballard v. Comm'r of Soc. Sec.*, No. 1:13-cv-842, 2015 WL 457300 (S.D. Ohio Feb. 3, 2015).

In the present case, it is clear from the ALJ's decision that he considered the state agency physicians' opinions, along with subsequent evidence. The ALJ recounts facts and opinions from February 2006 through July 2012. (Doc 10-2 at 22-26). Moreover, as counsel for the Commissioner points out, M.K.R.'s condition improved as time went on. (*See, e.g.*, *id.* at 25).

7

Because it is clear the ALJ considered the state agency physicians' opinions along with subsequent evidence, he did not abuse his discretion. Plaintiff's objection on this basis fails.

### C. ALJ's failure to request a medical expert in evaluating childhood disability listings

Plaintiff's remaining objections relate to the ALJ's failure to obtain a medical expert in evaluating the childhood disability listings. She claims the ALJ "played doctor" and abused his discretion in not obtaining an expert. (Doc. 11 at 11-12.). Plaintiff asserts that the ALJ does not "possess the medical training needed to make a determination" regarding impairments. (*Id.* at 12). She further asserts that HALLEX I-2-5-34[4] requires a medical expert in this respect. (*Id.*).

An ALJ has the discretion to obtain a medical expert if he feels it is necessary. 20 C.F.R. §§ 404.1517, 416.917. So long as there is sufficient evidence in the record on which the ALJ can make a determination of disability, the ALJ retains this discretion. *Simpson v. Comm'r of Soc. Sec.*, No. 08-3651, 2009 WL 2628355 (6th Cir. 2009); *Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 214 (6th Cir. 1986). Where the ALJ has evidence including the claimant's medical history, daily activities, treating physician's opinions, and state agency opinions, the evidence is sufficient for the ALJ to choose not to call a medical expert. *See Simpson*, 2009 WL 2628355 at *8.

As the Magistrate Judge correctly points out, HALLEX I-2-5-34 cannot require an ALJ to obtain a medical expert every time he considers whether a claimant's impairments meet a disability listing within 20 C.F.R. § 404(p), Appendix 1. (Doc 18 at 29). If this were the requirement, the ALJ would essentially have no discretion at all in calling a medical expert. Moreover, HALLEX I-2-5-34 very clearly distinguishes that "an ALJ may need to obtain ME

---

[4] The Hearings, Appeals, and Litigation Law Manual (HALLEX) "conveys guiding principles, procedural guidance, and information to the Office of Disability Adjudication and Review staff. HALLEX defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels. It also includes policy statements resulting from Appeals Council *en banc* meetings under the authority of the Appeals Council Chair." HALLEX I-1-0-1 (March 2, 2011).

opinion . . . when: the ALJ is determining whether a claimant's impairment(s) meets a listed impairment(s)" and that "an ALJ must obtain ME opinion . . . [w]hen the ALJ is considering a finding that the claimant's impairment(s) medically *equals* a medical listing." HALLEX I-2-5-34 (Sept. 28, 2005).

The ALJ considered M.K.R.'s medical history, information on her daily activities, and reports from her treating physician, state agency physicians, and other examining physicians. Given this fact and the distinctive wording in HALLEX I-2-5-34 that delineates when an ALJ must obtain a medical opinion and when he retains the discretion to do so, the ALJ did not abuse his discretion in not obtaining a medical expert or in evaluating the childhood disability listings in 20 C.F.R. § 404(p), Appendix 1. For these reasons, Plaintiff's objections must be overruled.

## V. CONCLUSION

For the reasons listed here and in the Magistrate Judge's Report and Recommendation, Plaintiff's Objections are hereby **OVERRULED**. The Court adopts the Magistrate Judge's **Report and Recommendation**. The case is **DISMISSED**.

**IT IS SO ORDERED.**

                                               **/s/ Algenon L. Marbley**
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED: March 5, 2015**